In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

Supreme Court, New York County, June 17, 1935.

*Paul Windels*, Corporation Counsel [*S. S. Rogers* of counsel], for A. A. Berle, Jr., City Chamberlain, for the motion.

*Wagner, Quillinan & Rifkind* [*S. Rifkind* of counsel], for the trustees, opposed.

*M. B. & D. W. Blumenthal*, for the Independent Certificate Holders Committee.

FRANKENTHALER, J. A proposed plan of reorganization for series F-1 has taken effect under the Schackno Act (Laws of 1933, chap. 745, as amd.), and three trustees appointed by the court, in accordance with the wishes expressed by the certificate holders, are now administering the affairs of series F-1.

The court is of the opinion that the relief sought is beyond its power to grant, for it really amounts to a modification of the plan of reorganization which has already taken effect.

Furthermore, it seems clear that no useful purpose can be served by the court's appointment of an advisory committee. The plan

of reorganization was carefully worked out, with the object in view of enabling the certificate holders to exercise a close supervision over the activities of the trustees. Provision has been made in the plan for the submission of annual budgets by the trustees and for annual accountings by them. Various powers conferred upon the trustees may be exercised only upon application to the court which may direct notice to be given to the certificate holders. The trustees are subject to removal by the certificate holders. Any certificate holder may exercise the rights of a *cestui que trust* and petition the court for appropriate relief against any one or more of the trustees. These and other provisions of the plan of reorganization enable the certificate holders to maintain a close watch and check upon the operations of the trustees whose every act is subject to their rigid scrutiny. There is nothing to prevent various certificate holders from organizing committees to represent them in their dealings with the trustees. The certificate holders and/or their representatives are free at any time to confer with the trustees and make such suggestions as they may deem advisable. An advisory committee appointed by the court would have no greater rights or powers than unofficial committees selected by certificate holders themselves. The trustees would be under no obligation to follow the advice or suggestions of advisory committees, regardless of whether the latter were appointed by the court or chosen by certificate holders. The trustees not only have the right but they are under a positive duty to use their own judgment and discretion in their execution of the powers conferred upon them in the trust indenture, subject only to the approval of the court in those instances where such approval is required. It follows that no advantage could accrue to the certificate holders from the court's appointment of an advisory committee.

On the other hand, it is not unlikely that the creation of a committee selected by the court might tend to hamper and interfere with the work of the trustees, as pointed out in considerable detail at the hearing by counsel for the latter.

Efforts to provide for the appointment of advisory committees in a number of plans of reorganization previously submitted to the court in connection with other certificate issues have invariably met with the court's disapproval. No good reason for altering this deliberately adopted policy is advanced by the moving party on the instant application.

The motion is accordingly denied.